# Exhibit 1

# KING & SPALDING LLP

1185 Avenue of the Americas
New York, New York  10036-4003
www.kslaw.com

Alexas D. Skucas
Direct Dial: 212.827.4049
askucas@kslaw.com

June 16, 2006

**VIA ELECTRONIC MAIL**

Corby Vowell, Esq.
Goldstein & Faucett, LLP
1177 West Loop South, Suite 400
Houston, TX 77027

Re: **Icomm Technologies, Inc. v. LG Electronics Mobilecomm USA, Inc. et al., 2:05-cv-535**

Dear Corby:

    I write in response to your letter of June 14, 2006.  As I mentioned in our pre-motion conference call Wednesday, the 21-day period specified in Rule 11 of the FRCP has passed and we intend to proceed with the filing of the motion we previously served on you. You indicated that you were not willing to withdraw the suit in view of that motion. Your subsequent letter is further evidence of ICOMM's grossly inadequate pre-filing investigation and, therefore, we re-iterate our request that ICOMM withdraw its complaint.

    In your letter, you state that ICOMM is "confident in its belief that Nokia uses the turbo codes decoding methods with logarithmic approximation of the maximum a posteriori (MAP) decoding algorithm. . . ." ICOMM's pre-filing diligence should have addressed the infringement of entire claims, not merely a general belief as to the implementation of one claim element (which happens to be a well-known prior art algorithm).  In any event, the only explanation you have ever provided with respect to the basis for bringing suit was the erroneous and indefensible assumption that Nokia utilized a particular Texas Instruments co-processor, an issue you failed to address in your letter.  Similarly, the only comparison of products to claims that you have provided was an irrelevant comparison of that Texas Instruments chip to asserted claims.  You now appear to be suggesting that your failure to perform a comparison between the accused product and the claims prior to filing suit is defensible because Nokia uses a proprietary chip in the accused product. This reasoning is flawed on several levels.

    First, Nokia's Rule 11 motion addresses ICOMM's *pre-filing* diligence.  Nokia's refusal to provide ICOMM with informal discovery *post-filing* is completely irrelevant to ICOMM's *pre-filing* diligence.  Had ICOMM requested product information from Nokia prior to filing suit, Nokia may have provided relevant information.  ICOMM instead chose to file the suit first, without meeting its Rule 11 obligations, and to then attempt to ascertain its basis for the suit *after* the improper filing.

ATLANTA • HOUSTON • LONDON • NEW YORK • WASHINGTON, D.C.

Corby Vowell, Esq.
June 16, 2006
Page 2

      Second, the case law you cite is inapposite and underscores ICOMM's lack of diligence in this case. The very citation you quote states that "[i]n non-software patent cases, plaintiffs are usually able to purchase defendants' products and ascertain the mechanics of how those products infringe before plaintiffs bring suit." *American Video Graphics, L.P. v. Electronic Arts, Inc. et al.*, 359 F.Supp.2d 558, 560 (E.D. Tex. 2005). ICOMM has not even attempted to ascertain the mechanics of the accused product as evinced by your false statement that the accused product implements turbo decoding in software. As with other aspects related to the suit, ICOMM has merely assumed that the Nokia accused 6651 phone implements its turbo decoding in software when, in fact, the relevant aspects of the turbo decoding are implemented in hardware.

      Furthermore, you completely misrepresent statements made by counsel for Nokia. While I told you that Nokia utilizes a proprietary chip in the accused 6651 phone, I never stated that there was no publicly available information about the chip. Regardless of whether there is public documentation about the chip, the chip itself is publicly available in the phone, and relevant information about the chip can be ascertained by examining it. ICOMM has no excuse for admittedly not having performed this examination prior to filing its suit. Likewise, I have never stated that "infringement could not be determined from physical inspection of a Nokia phone." What I did say was that Nokia does not believe it infringes the patents. In fact, a physical inspection of the phone and the chip employed within it would confirm this and would have demonstrated to you the lack of support for your infringement assertion.

      Your attempt to shift blame for ICOMM's failure to perform adequate pre-filing diligence onto Nokia is misplaced. ICOMM had absolutely no contact with Nokia prior to filing the suit, so Nokia cannot be held accountable for ICOMM's pre-filing failures. Accordingly, Nokia has no choice but to file its Rule 11 motion and will do so on Monday. Your letter and, in particular, your false statement that the turbo decoding in the accused phone is implemented in software, only reinforce Nokia's belief that Rule 11 sanctions are appropriate.

                                                     Sincerely,

                                                   Alexas D. Skucas

cc: Edward W. Goldstein, Esq.