IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ICOMM TECHNOLOGIES, INC., | § § § | |
| Plaintiff | § § | |
| v. | § § | Case No. 2-05CV-535 |
| LG ELECTRONICS MOBILECOMM U.S.A, INC.; MOTOROLA, INCORPORATED; NOKIA INC.; SAMSUNG TELECOMMNICATIONS AMERICA, L.P., | § § § § § § § | **JURY TRIAL DEMANDED** |
| Defendants | § § § § § | |

## DECLARATION OF QUANG NGUYEN

I, Quang Nguyen, hereby declare the following:

1. I am a principal of ICOMM TECHNOLOGIES, Inc. ("ICOMM") in Malvern, Pennsylvania. I have personal knowledge of the facts in this declaration and could completely attest to them if called upon to do so.

2. ICOMM is the owner of United States Patent Nos. 6,799,295 and 6,813,742 (the "'295 patent" and the "'742 patent", respectively).

3. I am the named inventor on the '295 and '742 patents.

4. ICOMM began discussions with counsel regarding potential infringement of the '295 and '742 patents in July of 2005.

5. ICOMM investigated the 3GPP standard regarding third generation cellular telephones.

6. The 3GPP standard provides specification requirements for the use of turbo code decoding schemes and UMTS/WCDMA phones manufactured by Nokia (and others) are in compliance with the 3GPP specifications.

7. ICOMM investigated publicly available documents regarding the cellular telephone industry and determined that the vast majority of the industry was employing turbo codes decoding schemes in third generation cellular telephones in accordance with the 3GPP standard.

8. ICOMM investigated publicly available information regarding cellular telephone manufacturers and their third generation products, finding that at least LG Electronics MobileComm U.S.A., Inc. ("LG"), Motorola, Incorporated ("Motorola"), Samsung Telecommunications America, L.P. ("Samsung"), and Nokia were employing turbo codes decoding schemes.

9. ICOMM also investigated publicly available information regarding manufacturers of chips that perform turbo codes decoding and their turbo codes decoding products in compliance with 3GPP standard.

10. ICOMM's investigation revealed publicly available documents indicating that Nokia regularly and almost exclusively used Texas Instruments chips for baseband processing and decoding.

11. A thorough search of publicly available documents regarding Nokia, Texas Instruments, and Turbo-Decoding yielded information about a single chip, the Texas Instruments TMS320C64x DSP Turbo-Decoder Coprocessor.

12. ICOMM investigated the publicly available documentation regarding Nokia and/or Texas Instruments methods of performing turbo decoding and concluded that method of turbo codes decoding would infringe the '295 and '742 patents.

13. ICOMM did not find any publicly available documentation that indicated that any Nokia or Texas Instruments products performed turbo codes decoding differently than described in the publicly available documentation on the Texas Instruments TMS320C64x DSP Turbo-Decoder Coprocessor or claimed in the '295 and '742 patents.

14. ICOMM used information available from Nokia's websites, as well as other publicly available information, to compare claims 22, 23, 25, 29, and 30 of the '295 patent and claims 1, 3, 5, 6, and 8 of the '742 patent to the products advertised by Nokia.

15. This investigation took place over at least four months, beginning prior to July 2005 through November of 2005.

16. ICOMM and its counsel met with Nokia's counsel and had discussions regarding settlement of this dispute

17. It is my understanding that all of the settlement discussions with Nokia were protected by Federal Rule of Evidence 408.

18. ICOMM did not base its infringement investigation on an assumption that Nokia used a specific chip.

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 30, 2006.

*Quang Nguyen*