IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ICOMM TECHNOLOGIES, INC., | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | |
| | § | |
| LG ELECTRONICS MOBILECOMM U.S.A., INC.; MOTOROLA, INCORPORATED; NOKIA INC.; SAMSUNG TELECOMMUNICATIONS AMERICA, L.P., | § § § § § § | CIVIL ACTION NO. 2:05-CV-535 (RC) |
| DEFENDANTS. | § | |

## MOTION TO STRIKE ICOMM TECHNOLOGIES, INC.'S DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS TO NOKIA INC. AND MOTION FOR PROTECTIVE ORDER

Defendant Nokia Inc. hereby moves to strike the Patent Infringement Contentions of Plaintiff ICOMM Technologies Inc. as it has become readily apparent that Plaintiff's pre-suit investigation was deficient. Nokia also moves the Court to protect Nokia's confidential business information from disclosure to ICOMM until such time as ICOMM can demonstrate that it has performed the requisite investigation of the products that it is accusing of infringement.

In June 2006, Nokia moved for sanctions after learning that ICOMM had based its infringement allegations on a Texas Instruments chip that was not even physically present within the accused devices. The Court denied the motion, but noted that "it may become apparent when infringement contentions are filed that Plaintiff's claims or investigation are deficient." (D.I. 43 at 4.) Those infringement contentions have now been served and are clearly deficient because they mimic the claim language and are entirely devoid of citation to where each element is

allegedly contained in the accused devices.. The contentions also demonstrate not only that the pre-filing diligence was lacking, but that ICOMM conducted no investigation in the nearly three years that this case was stayed pending reexamination. ICOMM has not produced a single page of documentation relating to the technical operation of any Nokia device, further demonstrating that ICOMM has not acquired and tested the accused products. In short, ICOMM has failed to comply with both the letter and the spirit of Patent Rule 3-1.

In an ordinary case, a defendant might make a motion to compel plaintiff to supplement or amend deficient infringement contentions. This is no ordinary case. If ICOMM has been unable to fashion a colorable allegation of infringement in the three years that the case has been stayed pending reexamination, there is no reason to believe ICOMM can do so if it is given the opportunity to amend its contentions. Accordingly, the Court should strike ICOMM's infringement contentions in their entirety.

## BACKGROUND

ICOMM filed this suit on November 30, 2005, alleging infringement by Nokia and others of U.S. Patent Nos. 6,813,742 ("the '742 patent") and 6,799,295 ("the '295 patent") with respect to certain cellular phones that comply with the "3G" standard. Nokia filed a motion for sanctions after it became clear that ICOMM had not examined any Nokia products, and had instead relied on the incorrect assumption that Nokia used a particular turbo decoding chip from Texas Instruments. (*See generally* D.I. 34.) Deciding it was not yet clear that ICOMM's conduct was sanctionable, this Court stated that "it may become apparent when infringement contentions are filed that Plaintiff's claims or investigation are deficient." (*See* D.I. 43 at 4.)

On August 23, 2006, before infringement contentions were due, the Court granted ICOMM's unopposed motion to stay this case pending reexamination of the '742 patent. (*See* D.I. 50.) Both patents were eventually subject to reexamination, and because of the prior art

cited by the Patent Office, ICOMM either canceled or amended each patent claim that had been asserted in the Complaint.  During reexamination the Patent Office noted that the patent claims are directed to an "implementation specific" hardware turbo decoder (Skucas Decl. Ex. 2, at 6)—that is, a particular one from a myriad number of possible decoding circuits.  The Patent Office issued Reexamination Certificates for the '742 patent on February 10, 2009, and for the '295 patent on March 17, 2009.  This Court lifted the stay *sua sponte* on June 8, 2009 after ICOMM apparently failed to notify the Court that the Reexamination Certificates had issued.

On June 23, 2009, having heard nothing from ICOMM regarding the case, Nokia sent a letter to ICOMM noting that all of the patent claims asserted in the Complaint had been either canceled or amended during reexamination and that ICOMM had no basis to maintain the suit.  (*See* Skucas Decl. Ex. 5.)  ICOMM did not respond to the letter and served its infringement contentions on August 24, 2009 without even amending the Complaint to correct the list of claims being asserted.  (*See* Skucas Decl., Ex. 1.)  The infringement contentions accuse "all of Nokia's 3G mobile phones made, used, sold or offered for sale in the United States since February 10, 2009 of infringement . . ." (*id.* at 2) but fail to cite specific documentation or identify particular hardware features within the turbo decoding hardware.  Instead, ICOMM relies in every instance on phrases that mimic the claim language or incorporate general terminology without any particular nexus to Nokia products.  ICOMM even provided the same description to Nokia and Samsung for each and every element of the alleged claims, while at the same time acknowledging that Nokia and Samsung have different hardware.  (*Compare* Skucas Decl. Ex. 1 *with* Skucas Decl. Ex. 6).

3

**ARGUMENT**

Patent Rule 3-1(c) requires a plaintiff to provide a "chart identifying *specifically* where each element of each asserted claim is found within each Accused Instrumentality . . . ." (Emphasis added).  As explained by another Court in this District, "[t]he Patent Rules demonstrate high expectations as to plaintiffs' preparedness before bringing suit, requiring plaintiffs to disclose their preliminary infringement contentions before discovery has even begun." *Am. Video Graphics, L.P. v. Elec. Arts, Inc.*, 359 F. Supp. 2d 558, 560 (E.D. Tex. 2005).  "Compliance with Patent Rule 3-1 . . . demands PICs that set forth ─particular theories of infringement with sufficient specificity to provide defendants with notice of infringement beyond that which is provided by the mere language of the patent [claims] themselves.'" *ConnecTel, LLC v. Cisco Sys., Inc.*, 391 F. Supp. 2d 526, 527-28 (E.D. Tex. 2005) (citation omitted) (alteration in original).  ICOMM has not met this burden.  Instead, its infringement contentions use "vague, conclusory language" and "simply mimic [] the language of the claims." *ConnecTel*, 391 F. Supp. 2d at 528.

The substance for each and every element in the infringement contentions is deficient for failure to provide any nexus between the allegation and the Accused Instrumentalities.  Perhaps the most striking evidence of this is that ICOMM used substantively identical allegations for both the Nokia and Samsung infringement contentions─even though ICOMM acknowledges that different chips are used by the parties.  (*See* Skucas Decl., Ex. 6 at 3-4; Skucas Decl. Ex. 1 at 2.)  The following chart provides an example of ICOMM's allegations with respect to one of the claim elements:

| ʹ742 Claim 1 excerpt | Nokia allegation (Skucas Decl. Ex. 1 at 4.) | Samsung allegation (Skucas Decl. Ex. 6 at 5.) |
|---|---|---|
| an input buffer comprising at least three shift registers, for receiving an input signal and generating first, second, and third shifted input signals; | The WCDMA baseband processor includes three shift registers adapted to receive data and shift three input signals representing the data being transmitted, a first set of parity bits, and a second set of parity bits. | The WCDMA baseband processor includes three shift registers adapted to receive data and shift three input signals representing the data being transmitted, a first set of parity bits, and a second set of parity bits. |

As can be seen from the above chart, ICOMM uses identical language for both defendants and provides no citation to the particular components within the chips that supposedly correspond to the recited claim element. This is repeated in each and every element of the claim chart with the only difference being a reference at the top of each independent claim to an unspecified "wireless chipset manufactured by TI" for Nokia and a "MSM7201A wireless chipset manufactured by Qualcomm" for Samsung. (*See, e.g.*, Skucas Decl. Ex. 1 at 4; Skucas Decl. Ex. 6 at 5.) Thus, despite purporting to be accusing two distinct chipsets, ICOMM sets forth identical substance for each and every element.

Referring again to the above example, ICOMM simply repeats the claim language of "three shift registers" without identifying any such structure in the accused device. In no sense does this allegation provide Nokia with ICOMM's specific theory of infringement. If there are shift registers within the "WCDMA baseband processor" (a generic term that describes an entire chip as opposed to any specific components within the chip), then ICOMM should identify the three shift registers it is referring to. Thus, even though P.R. 3-1 requires ICOMM to identify "*specifically* where each element of each asserted claim is found within each Accused Instrumentality," it has failed to do so. *See ConnecTel*, 391 F. Supp. 2d at 528 (finding infringement contentions deficient where charts did "not refer in their text to a single structure,

5

process, algorithm, feature or function of any accused product"). The infringement contentions are replete with this kind if lack of substance in each element.[1] (*See generally* Skucas Decl., Ex. 1.) While ICOMM does alleged in the right-hand column of the charts that the accused products generally have the recited elements of the claims, it leaves it entirely up to Nokia to determine what particular structures ICOMM is referring to in its infringement allegation. This is not how Rule 3-1 was intended to work.

There is no excuse for ICOMM's lack of specificity. The sole extent of ICOMM's detail relating to the Accused Instrumentalities is to refer to a "3G WCDMA chipset," a generic reference to a chipset that would be in every WCDMA phone. ICOMM posits that they "are supplied by Texas Instruments and/or include proprietary chips manufactured by Nokia." (Skucas Decl., Ex. 1 at 4.) The patent claims, however, relate to what could be occurring <u>within</u> a turbo decoding chipset. ICOMM could access the Nokia chipsets by simply purchasing the phones at issue. It could then attempt to analyze those chipsets to ascertain their operation—something ICOMM clearly has not done as demonstrated by its lack of specificity and its inclusion of identical substance in the charts to Samsung and Nokia. In addition, ICOMM's document production contains no reference to Nokia products or analyses of Nokia chipsets, further evidencing a lack of diligence. Because ICOMM had and continues to have access to the accused devices, it cannot credibly claim that it lacks access to the information needed to

---

[1] The "shift registers" described above are just one example of where ICOMM has failed to satisfy its Rule 3-1 obligation. By way of further example, the infringement contentions fail to specifically point to structures in the "WCDMA baseband processor" that correspond to at least the following claim elements: "soft decision decoder," "serially coupled," "circular circuit," "memory module," "electrically coupled," "concatenated convolutional codes," "systematic information data," extrinsic information data," "data paths," "branch metric module," state metric module," "state metric memory module," "computation module," "add-compare-select circuit," interleaver," "deinterleaver," and others.

6

develop its theory of infringement, especially when there is no evidence that it even tried to ascertain the operation of the accused products.[2]

Nokia further seeks a protective order to defer production of Nokia's technical documentation and invalidity contentions until ICOMM has satisfied its obligations under Patent Rule 3-1.  Allowing ICOMM access to such documents would relieve ICOMM of its obligation to investigate its allegation of infringement prior to bringing suit.  It would also turn the Patent Rules on their head and condone the conduct of plaintiffs like ICOMM that file a Complaint without a specific theory of infringement.  Granting discovery under these circumstances would encourage baseless filings and give plaintiffs undeserved leverage by driving up the costs of litigation for defendants that must defend against inchoate and unspecified allegations of infringement.  Accordingly, at a minimum, a protective order is warranted insuring that ICOMM fulfill its duties to specify its theories of infringement prior to receiving Nokia's proprietary information.

## CONCLUSION

ICOMM's infringement contentions demonstrate that in the nearly four years that this case has been pending, ICOMM has not yet performed the diligence that it should have performed prior to the filing of the suit and required of it by P.R. 3-1.  The infringement contentions demonstrate no effort whatsoever to link the accused devices to the asserted claims.  Instead, ICOMM persists in its attempt to use discovery as the sole basis for determining whether it has a basis to allege infringement.  For these reasons, Nokia requests that the Court strike

---

[2] In its infringement contentions, ICOMM states that "a turbo encoder [is] specified in accordance [with] the 3G standard." (*See* Skucas Decl., Ex. 1 at 3.)  Such a blanket assertion of 3G-compliance is insufficient to satisfy ICOMM's burden to compare the accused devices to the asserted claims because the assertion is irrelevant.  A turbo *en*coder is defined in the 3G standard– and itself constitutes prior art as shown in Figure 3 of the patents-in-suit (where the encoders are specifically labeled "prior art"). (*See* Skucas Decl., Ex. 1 at 3; Skucas Decl., Ex. 3 at Figure 3; Skucas Decl., Ex. 4 at Figure 3; Skucas Ex. 6 at 3.)  But the patents-in-suit claim a turbo *de*coder, which is not specified in the 3G standard, and which the Patent Office even described as "implementation specific" in the notice of intent to issue an ex parte reexamination certificate.  (Skucas Decl. Ex. 2, at 6.)

ICOMM's infringement contentions. Nokia further requests that the Court enter a protective order and deny ICOMM access to Nokia's proprietary documentation and invalidity contentions until ICOMM satisfies its duty under Rule 3-1 to disclose a specific theory of infringement.

Dated:  September 4, 2009                                                  Respectfully submitted,

                                                         By:      /s/ J. Thad Heartfield
                                                                 Alexas D. Skucas
                                                                 askucas@kslaw.com
                                                                 Robert F. Perry
                                                                 rperry@kslaw.com
                                                                 Steven T. Snyder
                                                                 ssnyder@kslaw.com
                                                                 KING & SPALDING, LLP
                                                                 1185 Avenue of the Americas
                                                                 New York, NY 10036
                                                                 Tel:  212-556-2100
                                                                 Fax: 212-556-2222

                                                                 J. Thad Heartfield
                                                                Texas Bar No. 09346800
                                                                 thad@jth-law.com
                                                                 The Heartfield Law Firm
                                                                 2195 Dowlen Road
                                                                 Beaumont, TX  77706
                                                                 Tel:  409-866-3318
                                                                 Fax: 409-866-5789

                                                     **COUNSEL FOR DEFENDANT NOKIA INC.**

8

**CERTIFICATE OF CONFERENCE**

On August 26, Alex Skucas and Steve Snyder of King & Spalding, on behalf of Defendant Nokia, and Ed Goldstein and Corby Vowell of Goldstein, Fawcett & Prebag, on behalf of Plaintiff ICOMM, discussed the sufficiency of Plaintiff's infringement contentions. Plaintiff was willing to supplement its infringement contentions to identify the specific 'WCDMA baseband processor' within each phone, but no agreement was reached as to Nokia's request under P.R. 3-1 that ICOMM specifically identify the components within the chipsets that correspond to each claim limitation.

    /s/ Alexas D. Skucas
Alexas D. Skucas

**CERTIFICATE OF SERVICE**

The undersigned certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 4th day of September, 2009. Any other counsel of record will be served by first class mail.

    /s/ J. Thad Heartfield
J. Thad Heartfield